IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FERNANDO SANCHEZ,<br>               Plaintiff,<br><br>   v.<br><br>ECHO, Inc. & LAWN EQUIPMENT<br>PARTS Co. a/k/a/ LEPCO,<br>               Defendants. | Civ. No. 06-787 |

**MEMORANDUM ORDER**

Presently before the court is defendant's renewed motion in limine to exclude evidence of plaintiff's lost future earnings (Docket No. 83). Also before the court is plaintiff's counsel's letter of June 26, 2008, which represents that plaintiff is no longer pressing his claim for lost future earnings. (Docket No. 96). In light of plaintiff's letter, defendant's motion will be dismissed as moot.

Also addressed in plaintiff's letter is the question whether bifurcation of the liability and damages phases of the trial, as proposed by the court at the June 23, 2008, hearing, would be sensible. The court's suggestion of bifurcation was based on Rule 42(b) of the Federal Rules of Civil Procedure, which specifically allows bifurcation "to avoid prejudice." The court had in mind that without bifurcation there would be some risk of unfair prejudice with respect to plaintiff's liability claim stemming from the

admission in evidence of plaintiff's immigration status as bearing on plaintiff's damages claim for future lost wages.  Plaintiff has now dismissed his lost-future-earnings claim, and the court's reason for bifurcation has fallen away, as it appears that plaintiff's immigration status is no longer relevant to any issue in dispute.  Therefore, the court will revert to the general presumption that all issues in a case should be tried in a single proceeding.  *Cf. Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978) (observing that the "'separation of issues for trial is not to be routinely ordered'" (quoting Advisory Comm.'s Note to the 1966 Amendment of Fed. R. Civ. P. 42(b), 39 F.R.D. 113)).

Plaintiff's letter notes that defendant objects to reverting to a unified proceeding, but it does not reveal the substance of that objection.  The court admits to being at a loss as to what that objection might be, as the court suggested bifurcation *sua sponte*, not on motion from the defense, as a solution to the potential admissibility of plaintiff's immigration status on the now-moot lost-future-earnings issue.  When the court raised bifurcation as a potential remedy to this problem, defense counsel did not mention any additional reasons cognizable under Federal Rule of Civil Procedure 42(b) for preferring a bifurcated proceeding.  At this late hour, the court will dispense with additional briefing and rule that there will be one trial on all issues in this case.

\* \* \* \* \*

AND NOW, this 26th day of June, 2008, for the foregoing reasons, it is hereby ORDERED that:

1. Defendants' renewed motion in limine to exclude evidence of plaintiff's future earnings (Docket No. 83) is DISMISSED as moot;

2. This matter will be tried to a jury in a single proceeding.

BY THE COURT:

/s/ Louis H. Pollak

_____

Pollak, J.
